UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

JOHN MARTINEAU and
MALLORY MITCHELL,

         Plaintiff,        CIVIL NO.: _____

v.

**COMPLAINT**

CREDIT BUREAU OF NAPA COUNTY, INC.
d/b/a CHASE RECEIVABLES, INC.,

**JURY TRIAL DEMANDED**

         Defendant.
_____

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff John Martineau (hereinafter "Plaintiff John"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Mallory Mitchell (hereinafter "Plaintiff Mallor"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Credit Bureau of Napa County, Inc., d/b/a Chase Receivables, Inc. (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 951 California Blvd, Napa, CA 94559.

## FACTUAL SUMMARY

7. Sometime prior to April 2010, upon information and belief, Plaintiff Mallory incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

9. In early November 2011, Defendant contacted Plaintiff John on his cell phone seeking to speak with Plaintiff Mallory about a debt owed by Plaintiff Mallory. Plaintiff John advised Defendant to remove the cell phone number from their database as it was not Plaintiff Mallory's number.

10. Plaintiff John is not obligated to the debt in any manner.

11. Plaintiffs do not share a cell phone account.

12. On November 12, 2011, at approximately 1:30 PM, Defendant called Plaintiff John's cell phone and left a message.

13. On November 12, 2011, at approximately 3:57 PM, Defendant called Plaintiff John's cell phone and left a second message.

14. On November 14, 2011, Defendant called Plaintiff John's cell phone. Plaintiff John answered this call, indicated that the Plaintiffs had retained legal counsel, provided the Defendant with the name and contact information of their attorney, and instructed Defendant to direct any further communications to Plaintiffs' attorney.

15. On November 16, 2011, Defendant called Plaintiff John's cell phone and left a message. Defendant failed to identify as a debt collector attempting to collect a debt.

16. On November 18, 2011, Defendant called Plaintiff John's cell phone. Defendant again failing to identify as a debt collector attempting to collect a debt.

## Violation of The Fair Debt Collection Practices Act

17. The conduct of Defendant constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692b(3), 1692b(6), 1692c(a)(2), 1692d, and 1692e(11) amongst others.

## Respondeat Superior Liability

18. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

19. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

21. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

22. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

23. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

28. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

29. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

30. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

                                     MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  December 9, 2011         s/ Mark L. Vavreck                                      .
                                           Mark L. Vavreck, Esq.
                                           Bar Number #0318619
                                           Attorney for Plaintiff
                                           Martineau, Gonko & Vavreck, PLLC
                                           Designers Guild Building
                                           401 North Third Street, Suite 600
                                           Minneapolis, MN 55401
                                           Telephone:  (612) 659-9500
                                           Facsimile:   (612) 659-9220
                                           mvavreck@mgvlawfirm.com